**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **BECKY J STERNADEL** § | | |
| *Plaintiff* § | | |
| V. § | CASE NO. 7:11-CV-095-O | |
| § | | |
| **RESCARE, INC.,** § | | |
| **LARRY TEMPLE** § | | |
| *Defendants* § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge by Order of Referral (Docket No.6). The findings, conclusions and recommendation of the Magistrate Judge are as follows:

NATURE OF THE CASE.

This is a *pro se* employment sex discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. and 42 U.S.C. §1981a. Plaintiff has sought leave to proceed *in forma pauperis* and has sought appointment of counsel. Those motions have been addressed in a separate order. No process has been issued in this case pending preliminary screening.

PRELIMINARY SCREENING

Since the Complaint was filed pursuant to Plaintiff's request to proceed *in forma pauperis*, Plaintiff's complaint is subject to review under 28 U.S.C. §1915 (e) (2)[1] and is subject to dismissal under Subsection (B) if the Court determines that the action is frivolous or fails to state a claim on which relief may be granted. The Court is also authorized to consider the sufficiency of the complaint on jurisdictional grounds under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Carroll v. Fort James Corp.*, 470 F. 3d 1171 (5th Cir. *2006).* In making §1915 (e) (2) or a Rule 12 (b) (6) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985).

JURISDICTION

In making a §1915 (e) (2) or a Rule 12 (b) (6) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin, supra.* By her Complaint Plaintiff Becky J. Sternadel

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) **fails to state a claim on which relief may be granted**; or (iii) seeks monetary relief against a defendant who is immune from such relief.28 U.S.C. §1915(e) (emphasis added).

("Sternadel") has named, as the two Defendants, a corporation named Rescare Inc.("Rescare") and an individual named Larry Temple ("Temple"). Although Sternadel alleges that Rescare has its headquarters in the state of Kentucky and that Temple resides in Texas, she asserts that jurisdiction lies in this Court under this Court's diversity of jurisdiction. The diversity jurisdiction of this Court requires complete diversity. Since Sternadel alleges that Temple is a Texas resident, complete diversity does not exist and this Court does not have *diversity* jurisdiction of this case. However, viewing Plaintiff's jurisdictional allegations "in the light most favorable to the Plaintiff," I find that Plaintiff has sufficiently invoked the federal question jurisdiction of this Court under 28 U.S.C. §1331 since she has expressly alleged violations of two federal statutes (*ie.* 42 U.S.C. § 2000e and 42 U.S.C. §1981a).

## PLEADING STANDARD

This Court cannot dismiss a complaint under §1915(e) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of her claim which would entitled her to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)." A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,

325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted)."

## PARTIES

The two named parties to this suit are Rescare and Temple. Plaintiff also alleges that Arbor E & T, LLC ("Arbor") is a subsidiary of Rescare, but does not name Arbor as a defendant or party. Plaintiff alleges that she was employed by Arbor and then was fired ten days later by Arbor. Plaintiff names the individual Larry Temple as a defendant but alleges that he was the Executive Director for the Texas Workforce

Commission[2] but does not allege he had any employment or other relationship to either Arbor or Rescare. Whether connected to Arbor or Rescare or not, Temple is not a proper party to Plaintiff's Title VII or §1981 suit. Title VII applies to **employers**. Title VII provides for liability only as to an employer, as defined in the statutes, not an individual supervisor or fellow employee. *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.1994), *cert. denied*, 513 U.S. 1015, 115 S. Ct. 574, 130 L. Ed. 2d 491 (1994) *Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Baldwin v. Barre*, 299 Fed. Appx. 444, 445; 2008 U. S. App. Lexis 24100 (5th Cir. 2008). This is true regardless of whether the person is sued in his or her individual or official capacity. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Although Title VII expressly references employers' agents, the Fifth Circuit has held that the statute does not impose individual liability. *Amedisys*, 298 F.3d at 449; *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Congress' purpose in including agents within the

---

[2] The court takes judicial notice that the Texas Workforce Commission is an agency of the State of Texas and is not legally affiliated with any private corporation or limited liability company such as Arbor or Rescare. Furthermore, Plaintiff makes no allegation of any such affiliation.

definition of employer was to provide for *respondeat superior* liability within the coverage of the statute rather than providing for individual liability. *Indest*, 164 F.3d at 262 (citing *Grant v. Lone Star Co.*, *supra*. As a result, an individual may sue his employer for *respondeat superior* liability, but may not sue the individual agent under Title VII liability. Plaintiff does not allege any facts in either her original complaint which support the conclusion that Larry Temple was her employer, was an employee, office, director, or even an agent of her employer. Consequently, Sternadel's Title VII claims against Larry Temple should be dismissed. *See also Jackson v. Federal Express Corp.*, No. 3-03-CV-2341-D, 2006 U.S. Dist. LEXIS 10324, 2006 WL 10324 at *14 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (dismissing Title VII claim against co-worker, noting that Title VII does not permit the imposition of liability upon an individual who does not meet the statutory definition of "employer").

## SEX DISCRIMINATION

"To succeed on a claim of intentional discrimination under Title VII, Section 1983, or Section 1981, a plaintiff must first prove a *prima facie* case of discrimination. *See, e.g.*, *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995) (Title VII); *Larry v. White*, 929 F.2d 206, 209 (5th Cir. 1991) (plaintiff must prove racially discriminatory purpose of act to demonstrate Section 1981 or Section 1983 violation), *cert. denied,* 507 U.S. 1051, 113 S. Ct. 1946, 123 L. Ed. 2d 651 (1993); *Briggs v.*

*Anderson*, 796 F.2d 1009, 1019-21 (8th Cir. 1986) (inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII). Generally, a plaintiff proves a *prima facie* case through a four-element test that allows an inference of discrimination." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)). To establish a prima facie case of discrimination under Title VII, a plaintiff must prove that: (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she was discharged; and (4) after being discharged, her employer replaced her with a person who is not a member of the protected class. *Meinecke, supra*; also see *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir.1990).

Claims of discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII. *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 587 (5th Cir. 1998) (quoting *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n.2 (5th Cir. 1996)). Thus "to succeed on a claim of intentional discrimination under Title VII . . . or [§] 1981, a plaintiff must first prove a prima facie case of discrimination." *Id.*(quoting *Wallace v. Texas Tech Univ.*, *supra*). Although Stenadel alleges that she, as a female, is a member of a protected class and was discharged, she has wholly failed to allege that she was qualified for the position for which she was hired or that

her employer replaced her with a person who is not a member of the protected class. Thus she has wholly failed to allege two critical elements of her claim.

Furthermore, I find that the gravamen of Sternadel's factual allegations are that four years before she was hired by Arbor and then fired, she had suffered a sexual encounter with Temple (which she describes at length). This occurred while he was employed by the Texas Workforce Commission. Then, some four years later but before she was hired by Arbor the "Temple encounter" was related through a chain of three other persons to an employee of Arbor. *But she was employed anyway*. Then, ten days after she was hired and moved to Tyler, Texas she was discharged. Sternadel wholly fails to allege any causal connection between the sexual encounter with Temple and the termination of her employment. She wholly fails to allege any employment relationship with either Temple or Rescare, the named defendants.

## RECOMMENDATION

For the reasons stated above, I recommend that Plaintiff's sex discrimination claim against Larry Temple be dismissed with prejudice. Having sued two parties who are not proper parties to her sex discrimination suit and having wholly failed to allege facts supporting two other critical elements of a sex discrimination claim, even "accepting all well pleaded averments as true and view them in the light most favorable" to her, I find that Stenadel's suit fails to allege a plausible claim of sex

discrimination on which relief may be granted. Accordingly, I recommend that her suit be dismissed *without prejudice* to the Plaintiff filing within thirty (30) days a Motion to Reopen accompanied by an amended complaint that adequately articulates a cause of action cognizable by this Court. After thirty (30) day, Plaintiff must file a new lawsuit.

To the extent Plaintiff may have implied a pendant state court slander or other tort claim against Defendant Larry Temple or against Defendant Rescare, Inc., I recommend that the Court decline to consider such state law based claim and dismiss the claim without prejudice as not being pendent to any claim cognizable by this Court.

It is so ORDERED, this 9th day of August, 2011

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

## Standard Instruction to Litigants

     A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).